UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on March 3, 2003

FILED IN OPEN COURT

MAY 1 3 2004

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 04-232 |
| | ) | |
| v. | ) | Grand Jury Original |
| | ) | |
| FUERZAS ARMADAS, | ) | Violations: |
| REVOLUCION ARIAS DE COLOMBIA, | ) | 18 U.S.C. § 1203(a) |
| also known as FARC, | ) | (Conspiracy to Commit Hostage |
| also known as Revolutionary Armed Forces | ) | Taking) |
| of Colombia, | ) | |
| | ) | 18 U.S.C. §1203(a) |
| JUVENAL OVIDIO RICARDO | ) | (Hostage Taking) |
| PALMERA PINEDA | ) | |
| also known as Simon Trinidad, | ) | 18 U.S.C. § 2 |
| also known as Cristo Rey Mariscal Peralta, | ) | (Aiding and Abetting and Causing |
| | ) | an Act to be Done) |
| Defendant. | ) | |
| | ) | 18 U.S.C. § 2339A |
| | ) | (Material Support of Terrorists) |
| | ) | |
| | ) | 28 U.S.C. § 2461 (c) and |
| | ) | 18 U.S.C. § 981(a)(1)(G) |
| | ) | (Criminal Forfeiture) |

HOGAN, C. J. TFH

## INDICTMENT

The Grand Jury Charges that:

### COUNT ONE

At all times material to this Indictment, except as otherwise indicated:

**A. The Defendants**

1. **The Revolutionary Armed Forces of Colombia** (abbreviated hereafter as **FARC**), an

English translation of the Spanish name of the group, Fuerzas Armadas Revolucionarias de



Colombia, is an armed and violent organization in the Republic of Colombia. Since its inception in 1966, **FARC** has been strongly anti-American and has targeted American citizens and has engaged in terrorist activity including: murder, hostage taking, and the violent destruction of property. Part of the governing structure of the **FARC** includes a body known as the Secretariat, which is a ruling council of the **FARC**. The seven (7) highest ranking members of the **FARC** comprise the Secretariat. The members of the Secretariat make policy and ideological decisions for the organization. The individuals who make the strategic decisions for the **FARC** are called the Estado Mayor Central. The Estado Mayor Central is comprised of approximately twenty-seven (27) members, the seven (7) members of the Secretariat and the (20) most senior commanders of the **FARC**, i.e., the Bloc Commanders, Mini-Bloc Commanders and Mobile Column Commanders. **FARC** is a foreign terrorist organization and has been so designated pursuant to Title 8, United States Code, Section 1189, by the Secretary of State of the United States, initially in October 1997, and most recently on October 2, 2003.

2. The **FARC** has consistently used kidnaping as a primary technique in extorting their demands from the Republic of Colombia. The use of this technique has been endorsed and commanded by the **FARC** leadership, including the Estado Mayor Central.

3. Defendant **JUVENAL OVIDIO RICARDO PALMERA PINEDA**, also known as **SIMON TRINIDAD** (hereinafter referred to as **PALMERA PINEDA**) was a member of the Estado Mayor Central and has been commander of the Caribbean Bloc of the **FARC**.

### B. Victims of the February 2003 Hostage Taking and Murder

4. Thomas R. Howes is a United States national and citizen. He was a pilot for California Microwave Systems, a division of Northrup Grumman Electronic Systems, an American company,

doing business in the Republic of Colombia.

5. Keith D. Stansell is a United States national and citizen. He was a systems analyst for California Microwave Systems.

6. Marc D. Gonsalves is a United States national and citizen. He was a systems analyst for California Microwave Systems.

7. Thomas J. Janis was a United States national and citizen. He was a pilot for California Microwave Systems.

8. Sergeant Luis Alcides Cruz was a Colombian national and citizen. He was a Sergeant in the Army of the Republic of Colombia.

### C. Jurisdiction and Venue

9. All events alleged in this Indictment took place within the Republic of Colombia, Republic of Ecuador and the extraterritorial jurisdiction of the United States, and, pursuant to Title 18, United States Code, Section 3238, within the venue of the United States District Court for the District of Columbia.

### D. The Conspiracy

10. From a date unknown to the Grand Jury, but at least as early as February 13, 2003, and continuing thereafter through to the present, the **FARC** and **PALMERA PINEDA** did knowingly and intentionally combine, confederate, conspire and agree with each other and with other conspirators, both known and unknown to the Grand Jury, to seize and detain and threaten to kill, injure and continue to detain United States nationals and other foreign nationals working in Colombia in order to compel third persons to do certain acts, namely, that the government of the Republic of Colombia exchange prisoners with the **FARC** and create a demilitarized zone for the

**FARC,** as explicit and implicit conditions for the release of the United States nationals and other hostages.

### (i) Manner and Means of Effectuating the Conspiracy

11. It was a part of the conspiracy that the **FARC** and **PALMERA PINEDA** and other conspirators, both known and unknown to the Grand Jury:

   a. targeted American persons and companies;

   b. engaged in a series of two-way radio communications to inform each other and other members of the conspiracy about the presence of a single-engine aircraft in the Teofilo Forrero Mobile Column (TFMC) of the FARC's area of operations;

   c. obtained permission to attack the aircraft, which conspirators suspected to be carrying United States nationals;

   d. attacked the aircraft using firearms and seized as hostages United States nationals and a Colombian national once the aircraft had crash landed;

   e. forced the hostages away from the aircraft crash site using armed force and deadly force;

   f. shot and killed a United States national and a Colombian national a short distance away from the aircraft crash site;

   g. transported the remaining hostages, all United States nationals, to remote areas away from the site of the hostage taking using armed force and deadly force;

   h. detained the hostages under armed guard at various locations in the jungle;

   i. demanded that the government of the Republic of Colombia create a demilitarized zone and conduct an exchange of prisoners with the **FARC** as explicit conditions for

        the release of the hostages;

j.     prepared and published proof of life videos;

k.     named senior commanders, with expertise in negotiations to represent the **FARC** in negotiations with the Colombian government for the release of hostages held by the **FARC**;

l.     obtained false and fraudulent identification documents to facilitate participation in the negotiations of **FARC** demands for the release of the United States nationals; and

m.     concealed the location of the hostages.

### (ii) Overt Acts

12. In furtherance of the aforesaid conspiracy and to accomplish the objects thereof, the **FARC** and **PALMERA PINEDA**, together with their other conspirators, whose identities are both known and unknown to the Grand Jury (hereinafter referred to as "other conspirators"), committed the following overt acts, among others, in the Republic of Colombia and elsewhere:

(a) On or about February 13, 2003, **FARC** members obtained permission from their commanders to attack a single-engine aircraft which contained United States nationals and a Colombian national.

(b) On or about February 13, 2003, the **FARC** and other conspirators shot at the single-engine airplane using firearms.

(c) On or about February 13, 2003, the **FARC** and other conspirators seized four United States nationals, Thomas Howes, Keith Stansell, Marc Gonsalves and Thomas Janis, and one Colombian national, Sergeant Luis Alcides Cruz, as hostages.

(d) On or about February 13, 2003, the **FARC** together with other conspirators, forced the

five hostages away from the aircraft crash site using armed force and deadly force.

(e) On or about February 13, 2003, the **FARC** and other conspirators shot and killed American hostage Thomas Janis while he was in the custody of the **FARC** and other conspirators.

(f) On or about February 13, 2003, the **FARC** and other conspirators shot and killed Colombian hostage Sergeant Luis Alcides Cruz while he was in the custody of the **FARC** and other conspirators.

(g) From on about February 13, 2003, until on or about April 1, 2003, the **FARC** and other conspirators, transported and aided the transportation of Americans Thomas Howes, Keith Stansell and Marc Gonsalves, the remaining hostages, to remote areas away from the crash site, using armed force and deadly force.

(h) From on or about February 13, 2003, and continuing through the current date, the **FARC** together with other conspirators, held Americans Thomas Howes, Keith Stansell and Marc Gonsalves as hostages under armed guard, at various sites in the Colombian jungle.

(i) On a date unknown but no later than on or about April 27, 2003, and continuing through the current date, the **FARC** together with other conspirators, demanded that the government of the Republic of Colombia create a demilitarized zone and conduct an exchange of prisoners with the **FARC** as an explicit condition for the release of American hostages Thomas Howes, Keith Stansell, and Marc Gonsalves.

(j) On or about April 27, 2003, the **FARC** published a communique addressed to four ex-Presidents of Colombia in which it named three senior commanders, including **PALMERA PINEDA**, to provide their expertise and to represent the **FARC** in presenting its demands

in negotiations it sought with the Colombian government for the release of American and other hostages held by the **FARC**, including Thomas R. Howes, Keith D. Stansell and Marc D. Gonsalves.

(k) On or about July 25, 2003, the **FARC** together with other conspirators, ordered that American hostages Thomas Howes, Keith Stansell and Marc Gonsalves participate in video recorded interviews with them to prove that they were alive and in the custody of the **FARC**.

(l) In or about November or December 2003, in Colombia, **PALMERA PINEDA** viewed the video recorded interviews of American hostages Thomas Howes, Keith Stansell and Marc Gonsalves which had been produced by the **FARC** and other conspirators on or about July 25, 2003.

(m) From on or about December 1, 2003 and continuing through to on or about January 2, 2004, **PALMERA PINEDA**, traveled illegally from Colombia to Ecuador.

(n) In or about December 2003, in Ecuador, **PALMERA PINEDA** sought to obtain an Ecuadorian passport to disguise his true identity in the event his travel would be necessary to meet with entities interested in discussing the **FARC**'s demands for the release of hostages, including Americans Thomas Howes, Keith Stansell and Marc Gonsalves, in **FARC**'s custody.

(o) In or about December 2003, **PALMERA PINEDA** planned with person(s) in Ecuador whose identity is unknown to the Grand Jury, corruptly to obtain false and fraudulent Ecuadorian identification documents, specifically, an Ecuadorian voter's card and a *cedula*.

(p) Before on or about December 23, 2003, **PALMERA PINEDA** corruptly obtained false and fraudulent Ecuadorian voter's card and *cedula* in a fictitious name, that is, Cristo Rey

Mariscal Peralta, a purported national of Ecuador.

(q) Before on or about December 23, 2003 **PALMERA PINEDA** arranged with person(s) in Ecuador whose identity is unknown to the Grand Jury to use the false and fraudulent Ecuadorian voter's card and *cedula,* in the name of Cristo Rey Mariscal Peralta, a purported national of Ecuador, to obtain an Ecuadorian passport bearing **PALMERA PINEDA**'s photograph.

(r) From on or about December 1, 2003 and continuing through to on or about January 2, 2004, **PALMERA PINEDA**, obtained false and fraudulent Ecuadorian documents in the name of Cristo Rey Mariscal Peralta, a purported national of Ecuador, in connection with his role as described in the April 27, 2003 **FARC** communique.

(s) From on or about January 2, 2004 and continuing to the time of this indictment, the **FARC** and other conspirators continue to hold Americans Thomas Howes, Keith Stansell and Marc Gonsalves as hostages in undisclosed, remote locations in Colombia, thereby concealing their location and well being.

(**Conspiracy to Commit Hostage Taking**, in violation of Title 18, United States Code, Section 1203(a)).

## COUNTS TWO through FOUR

1. Paragraphs 1 through 9 of Count One of this Indictment are hereby incorporated by reference as if fully realleged and restated herein.

2. From on or about February 13, 2003, and continuing thereafter to the present, the **FARC** and **PALMERA PINEDA,** together with others whose identities are known and unknown to the Grand Jury, did knowingly and intentionally seize and detain and continue to detain the following

United States nationals, identified below with the corresponding Count of this Indictment, in order to compel the government of the Republic of Colombia to do certain acts, namely, to create a demilitarized zone and conduct a prisoner exchange as explicit and implicit conditions for the release of these United States nationals.

      **COUNT TWO**: Thomas Howes

      **COUNT THREE**: Keith Stansell

      **COUNT FOUR**: Marc Gonsalves

(**Hostage Taking and Aiding and Abetting and Causing an Act to be Done**, in violation of Title 18, United State Code, Sections 1203(a) and 2.

## COUNT FIVE

1. Paragraphs 1 through 9 of Count One of this Indictment are hereby incorporated by reference as if fully realleged and restated herein.

2. On a date unknown to the Grand Jury but at least by April 27, 2003, and continuing to on or about January 2, 2004, defendant **PALMERA PINEDA**, did provide material support and resources to terrorists, as defined in Title 18, United States Code, Section 2339A(b), knowing and intending that the material support and resources be used in preparation for or in carrying out a violation of Title 18, United States Code, Section1203(a), hostage taking and conspiracy to commit hostage taking.

(**Providing Material Support to Terrorists**, in violation of Title 18, United States Code, Section 2339A.)

## **FORFEITURE ALLEGATION**

1. The violations alleged in Counts One through Five of this Indictment are realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(G).

2. The conduct which violated Title 18, United States Code, Section 1203(a), as alleged in Counts One through Four of this Indictment, were acts of international terrorism, as that term is defined in Title 18, United States Code, Section 2331, against the United States and its citizens.

3. The conduct which violated Title 18, United States Code, Section 2339A, as alleged in Count Five of this Indictment was an act of international terrorism, as that term is defined in Title 18, United States Code, Section 2331, against the United States and its citizens.

4. Title 18, United States Code, Section 2331 defines acts of international terrorism as activities that involve violent acts or acts dangerous to human life that are a violation of the criminal laws of the United States or of any State, or that would be a criminal violation if committed within the jurisdiction of the United States or of any State and appear to be intended to intimidate or coerce a civilian population; to influence the policy of a government by intimidation or coercion; or to affect the conduct of a government by mass destruction, assassination, or kidnaping and occur primarily outside the territorial jurisdiction of the United States, or transcend national boundaries in terms of the means by which they are accomplished, the persons they appear to intend to intimidate or coerce, or the locale in which their perpetrators operate or seek asylum. The violations alleged in Counts One through Five are such acts of international terrorism.

5. The **FARC** is an entity or organization engaged in planning and perpetrating acts of international terrorism against the United States and its citizens.

6. As a result of the offenses alleged in Counts One through Five of this Indictment, the defendants, as individuals, entities and organizations engaged in planning and perpetrating acts of international terrorism against the United States and its citizens, shall forfeit to the United States all right, title, and interest in all of their assets, foreign or domestic. 18 U.S.C. § 981(a)(1)(G)(I).

7. As a result of the offenses alleged in Counts One through Five of this Indictment, the defendants, shall forfeit to the United States all right, title, and interest in any and all of their assets, foreign or domestic, that afford them a source of influence over the **FARC**. 18 U.S.C. § 981(a)(1)(G)(I).

8. As a result of the offenses alleged in Counts One through Five of this Indictment, the defendants, shall forfeit to the United States all right, title and interest in all assets, foreign or domestic, acquired or maintained by the defendants with the intent and for the purpose of supporting, planning, conducting, and concealing acts of international terrorism against the United States and its citizens. 18 U.S.C. § 981(a)(1)(G)(ii).

9. As a result of the offenses alleged in Counts One through Five of this Indictment, the defendants, shall forfeit to the United States all right, title and interest in all assets, foreign or domestic, all assets derived from, involved in, and used and intended to be used to commit acts of international terrorism against the United States and its citizens. 18 U.S.C. § 981(a)(1)(G)(iii).

10. As a result of the offenses alleged in Counts One through Five of this Indictment, the defendants, shall pay to the United States a money judgment equal to the value of the assets subject

to forfeiture under paragraphs 1 through 9, above.   Rule 32.2(b)(1), F.R.Crim.P.

(**Criminal Forfeiture**, in violation of Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(G).)

A TRUE BILL:

FOREPERSON

*[signature]*
Attorney of the United States in
and for the District of Columbia